IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS MORLEY ELDRIDGE,<br>    Plaintiff,<br>v.<br><br>HAYSI REGIONAL JAIL, *et al.*,<br>    Defendants. | Civil Case No. 7:19-cv-00012<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

Travis Morley Eldridge, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against defendants Bruce Stevens, M.D. and April Mullins, R.N.[1] Currently before the court is defendants' Motion to Dismiss (Dkt. 26), to which Rosco has responded. The court will **GRANT** the defendants' Motion to Dismiss and dismiss Eldridge's Second Amended Complaint without prejudice.

## I. BACKGROUND

Eldridge claims that beginning in April 2018 through January 2019, during confinement at the Haysi Regional Jail, Dr. Stevens wrongfully stopped Eldridge's prescription for Wellbutrin, causing Eldridge "severe depression, migraines, [and] suicidal thoughts." Second Am. Compl. at 3, Dkt. 13. Dr. Stevens purportedly discontinued Eldridge's Wellbutrin because other inmates abused the medication; however, Eldridge claims that Dr. Stevens and Nurse Mullins, in fact, continued prescribing Wellbutrin to other inmates. Id. at 3–4. In place of Wellbutrin, Dr, Steven's placed Eldridge on a different medication that caused Eldridge to experience undesirable side effects. Ex. G5 and G7 to the Second Am. Compl., Dkt. 13-1.

---

[1] Defendant Haysi Regional Jail was named in both the original complaint and amended complaint filed on January 8 and 23, 2019, respectively. Dkt. 1, 9. However, Eldridge did not name Haysi Regional Jail as a defendant in the Second Amended Complaint, filed on February 28, 2019, and thus Haysi Regional Jail was terminated as a defendant on that date. Dkt. 13; *See also McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail is not a "person" subject to suit under § 1983).

Eldridge asserts that defendants were deliberately indifferent to his serious medical need in violation of the Eight Amendment. Eldridge also asserts defendants violated his rights to due process and equal protection under the Fifth and Fourteenth Amendments and seeks compensatory and punitive damages. In their Motion to Dismiss, defendants argue that Eldridge fails to make "any factual allegations" against Nurse Mullins, and fails to allege either a "sufficiently serious medical condition" or the required "intent to do harm" by defendants. D.'s Mem. in Supp. at 4, Dkt. 27.

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a civil complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action"). Further, the court affords *pro se* complaints liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (noting that "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues.") (citation omitted). Nevertheless, "[a] *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F.Supp.2d 416, 421 (E.D. Va. 1999).

Here, Eldridge attached several medical grievance forms to his Second Amended Complaint pertaining to his requests for Wellbutrin, as well as complaints related to Dr. Stevens's prescription of a "new medicine" in place of Wellbutrin. Dkt. 13-1, Ex. G5, G6, and G7. These exhibits are

2

considered part of the Second Amended Complaint. Fed. R. Civ. P. 10(c). Additionally, Eldridge filed multiple submissions in response to the defendants' Motion to Dismiss, several which include as exhibits mental health grievance forms showing his efforts to receive a Wellbutrin prescription during the relevant time period.[2] Dkts.31, 32, 38, 43. When a party submits documents outside of the pleadings in a response to a motion to dismiss, the court has discretion to exclude the additional material. Fed. R. Civ. P. 12(d); *White v. Jamaludeen*, 2012 WL 1957583, at *3 (E.D. Va. May 29, 2012). However, a court may consider a document outside the complaint in deciding a motion to dismiss where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge. *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999); *See also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (defining a document as "integral to the complaint" "where the complaint relies heavily upon its terms and effect") (citation omitted).

The mental health grievance forms submitted by Eldridge are explicitly relied on in the Second Amended Complaint, including Eldridge stating he had filed grievances related to the facts alleged, and the defendants have not challenged authenticity. Accordingly, the court will also consider these exhibits for the purpose of determining the sufficiency of the Second Amended Complaint. *See Lowe v. Johnson*, No. 2:17-CV-02345, 2019 WL 625810, at *2 (S.D.W. Va. Feb. 14, 2019) (on appeal) (citing Fed. R. Civ. P. 10(c) and considering exhibits attached to plaintiff's

---

[2] Defendants filed their motion to dismiss for failure to state a claim (Dkt. 26) on April 22, 2019. On April 29, 2019, Eldridge filed a response and accompanying exhibits, primarily addressing the allegations in the Second Amended Complaint surrounding the Wellbutrin prescription. Dkts. 31–32. On May 23 and July 10, 2019, Eldridge filed additional responses to the defendants' motion to dismiss. Dkts. 38, 43. However, attached to Eldridge's May 23, 2019 submission are two documents titled "Offender Request" which are dated April 26 and 30, 2019, and request reference materials to aid in drafting his civil rights lawsuit, and do not pertain to the allegations in the Second Amended Complaint. Dkt. 38-1. Accordingly, the court will not consider these documents because they are not integral to the complaint.

3

response to a motion to dismiss); *but see Shorter v. Russell*, No. CIV.A. 6:14-1843-TMC, 2014 WL 6909026, at *4 (D.S.C. Dec. 5, 2014) (excluding exhibits attached to the plaintiff's response to the motion to dismiss, noting the documents are not "integral to the complaint," and cannot be considered without converting the motion to one for summary judgment).

## B. Eighth Amendment

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Further, the Eighth Amendment to the United States Constitution prohibits prison officials from inflicting "cruel and unusual punishments" by acting with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Gordon*, 937 F.3d at 356–57. The first component is an objective inquiry, while the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (noting that "negligence or malpractice in the provision of medical services does not constitute a claim under § 1983"); *Harris v. Murray*, 761 F.Supp. 409, 414 (E.D. Va. 1990). Similarly, "a prisoner does not enjoy a constitutional right to the treatment of his or her choice" so long as the medical treatment provided is adequate. *De'lonta v. Johnson*, 708 F.3d 520,

4

526 (4th Cir. 2013); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969) (finding that the medical care need not be the best possible care, it only must be "reasonable" care).

Based on Eldridge's allegations in his Second Amended Complaint and attachments, and even including his responses to the Motion to Dismiss and additional attachments, the Court cannot find a plausible Eighth Amendment claim against the defendants. Eldridge fails to adequately allege that Dr. Stevens and Nurse Mullins knew of and disregarded an excessive risk to his health or safety. Eldridge clearly would have preferred that Dr. Stevens prescribe him Wellbutrin; however, Eldridge alleges no facts showing that the defendants knew that the treatment provided for his medical condition placed him at any significant risk of serious harm. Dr. Stevens prescribed Eldridge medication for his mental condition; it was just not the medication Eldridge preferred, as Eldridge believed it was not as effective as Wellbutrin, and resulted in certain side effects, including depression, migraines, and suicidal thoughts. Second Am. Compl. at 5, Dkt. No. 13.[3] Eldridge does not allege his condition was not treated, but merely disagrees with the medication chosen by medical personnel. However, this amounts to a disagreement with Dr. Stevens's medical decisions about treatment and disagreements with medical judgments do not implicate the Constitution and thus are not actionable under § 1983. *See Estelle*, 429 U.S. at 105–06; *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (internal quotation marks and citations omitted) (noting that the "deliberate indifference standard is not satisfied by . . . mere disagreement concerning [q]uestions of medical judgment"); *see also Wright*, 766 F.2d at 849 (bolding that disagreements between inmate and physician over proper medical care do not state § 1983 claim absent exceptional circumstances). In short, prisoners are entitled to reasonable medical care;

---

[3] In a Mental Health Grievance Form filed as "additional evidence" Eldridge writes he is having "bad side effects" from medication, including a headache and "starting to feel bad." Dkt. 32 at 8.

however, "[q]uestions of medical judgment are not subject to judicial review." *Russell v. Sheffer*, 528 F.2d 318, 318–19 (4th Cir. 1975).

Eldridge's allegations in the Second Amended Complaint fall far below the requirement to show deliberate indifference, namely treatment, or lack thereof, "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Goodman v. Runion*, 676 F. App'x 156, 160 (4th Cir. 2017) (unpublished) *quoting Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Eldridge makes no allegation of a refusal or failure by the defendants to provide medication for his mental condition, nor of forced medication;[4] instead, Eldridge would simply prefer to select his chosen medication, Wellbutrin.[5] However, Eldridge's complaints with the alternative medication and course of treatment chose by Dr. Stevens fall short of a constitutional violation. *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (finding a physician's "decision not to authorize the particular treatment program [Plaintiff] requested . . . amounts to a disagreement with his course of treatment that is not cognizable under the Eighth Amendment"). Accordingly, Eldridge's claim for deliberate indifference to a serious medical need under the Eighth Amendment is dismissed without prejudice.

## C. Equal Protection

To establish an equal protection violation, a plaintiff must show that he has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Only upon this showing, will the court determine whether the disparity in treatment

---

[4] Eldridge submitted evidence that he had signed a refusal form to stop taking the alternative prescribed medication. Ex. G7 to the Second Amended Complaint, Dkt. No. 13-1. However, apparently, Eldridge is again taking Wellbutrin. Dkt. 43 at 2.

[5] In a Medical Grievance Form attached to the Second Amended Complaint, Eldridge complains that the doctor "took [him] off [his] [W]ellbutrin and put [him] on a medicine that . . . caused . . . bad side effects. . . ." and asks to be placed back on Wellbutrin. Ex. G5 to Second Am. Compl., Dkt. 13-1.

6

can be justified under the requisite level of scrutiny. *Id; Moss v. Clark,* 886 F.2d 686 (4th Cir.1989)(officials may treat similarly situated inmates differently, provided that the basis for the different treatment is rationally related to a legitimate state interest).

In support of his equal protection claim, Eldridge alleges that Dr. Stevens and Nurse Mullins "were, in fact, prescribing [Wellbutrin] . . . to other inmates" despite having told him it "could not be prescribed, due to [] abuse" of the medication by other inmates. Second Am. Compl. at 4, Dkt. 13. Eldridge also argues that "other inmates in his unit were prescribed [] Wellbutrin, and that Nurse April Looney, [an] employee at Haysi Jail, stated that [Wellbutrin] was still given to other inmates . . . ." Dkt. 31 at 11. Eldridge does not allege the specific, non-conclusory factual allegations required to support an equal protection claim in either the Second Amended Complaint or his subsequent filings. Eldridge does not adequately allege that he is similarly situated to these other inmates purportedly receiving Wellbutrin, or that the defendants intentionally or purposefully discriminated against him based on his membership in a protected class. *Wilson v. United States,* 332 F.R.D. 505, 525 (S.D.W. Va. 2019) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.") *quoting Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, Eldridge's allegations of a violation of the Equal Protection clause will be dismissed without prejudice.

### D. Due Process

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke,* 780 F.3d 245, 248 (4th Cir. 2015). Eldridge appears to allege that Dr. Stevens's decision to

7

take him off Wellbutrin, based on Dr. Stevens's "opinion that other inmates are abusing the [medication]" violates his property interest without due process. Second Am. Compl. at 3, Dkt. 13. However, Eldridge does not assert a property interest in or due process right to being prescribed a certain medication, Wellbutrin. Accordingly, his allegations of a violation of the Due Process clause likewise fail to state a claim and will be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss will be granted and this action will be dismissed without prejudice.

An appropriate order will be entered.

Entered: March 10, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge